UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BILLY ADAMS,<br><br>            Plaintiff,<br>vs.<br><br>DISCOVER BANK, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION, LLC,<br><br>            Defendants. | Case No. 1:20-cv-751<br><br>**Plaintiff's Complaint and Demand for Jury Trial** |

## COMPLAINT

NOW COMES Plaintiff, Billy Adams ("Plaintiff"), through his undersigned counsel, hereby alleges the following against Defendant, Discover Bank ("DISCOVER"), Defendant Experian Information Solutions, Inc. ("EXPERIAN") and Defendant TransUnion, LLC ("TRANSUNION").

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person residing in the City of Brenham, County of Washington, State of Texas and is otherwise *sui juris*.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant DISCOVER is a nationally chartered bank conducting business in the State of Texas and is headquartered in Greenwood, Delaware.

5. On information and belief, Defendant DISCOVER is a person who regularly and in the ordinary course of business furnishes information to one or more "consumer reporting agencies" including, but not limited to, Defendant EXPERIAN, Defendant TRANSUNION, and Equifax Information Services, LLC ("Equifax"), regarding its transactions or experiences with "consumers".

6. Defendant EXPERIAN is a corporation conducting business in the State of Texas and is headquartered in Costa Mesa, California.

7. Defendant TRANSUNION is a limited liability corporation conducting business in the state of Texas and is headquartered in Draper, Utah.

8. Defendants EXPERIAN and TRANSUNION, along with non-party Equifax, are nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

9. Defendant EXPERIAN, Defendant TRANSUNION, and Equifax regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

10. Defendants conduct business in Texas and therefore personal jurisdiction is established.

11. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

12. Venue is proper in the United States District Court Western District of Texas pursuant to 28 U.S.C. § 1391b because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

13. On or around October 9, 2019, Plaintiff and Defendant DISCOVER reached settlement regarding an outstanding debt owed by Plaintiff to Defendant DISCOVER on a credit account ending in -1526 (the "Account").

14. This agreement was memorialized in writing, which further detailed the terms of the agreement, including that Plaintiff would no longer owe Defendant DISCOVER on the Account.

15. Despite Plaintiff's performance under the terms of the agreement, whereby he obtained a zero-balance due on the Account, Defendant DISCOVER reported incorrect information regarding the Account to the CRAs. Specifically, Defendant reported to the CRAs an incorrect current account balance, an incorrect account balance history from May 2019 to September 2019, an incorrect payment history from October 2019 to February 2020, and an incorrect scheduled payment amount.

16. On or around April 17, 2020, Plaintiff informed Defendant EXPERIAN and Defendant TRANSUNION, via letter, of the incorrect information being reported on the Account despite the settlement.

17. On information and belief, Defendant EXPERIAN and Defendant TRANSUNION, pursuant to their responsibility under 15 U.S.C. § 1681i, notified Defendant DISCOVER of the disputed accuracy of the information it provided concerning Plaintiff.

18. Upon being notified by Defendant EXPERIAN and/or Defendant TRANSUNION, Defendant DISCOVER was required, pursuant to 15 U.S.C. § 1681s(2)(b), to (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the CRA; (C) report the results of the investigation to the CRA; and (D) if the investigation found information was incomplete and inaccurate, report such results to all CRAs to which Defendant DISCOVER previously provided information.

19. On or around June 1, 2020, Defendant EXPERIAN and Defendant TRANSUNION responded to Plaintiff's dispute.

20. Despite Defendant EXPERIAN and Defendant TRANSUNION stating that they updated Plaintiff's account information, both Defendants continued to report incorrect information, including an account balance, amount past due, balance history, payment status and scheduled payment amount.

21. The aforementioned information reported by Defendant EXPERIAN and TRANSUNION regarding the Account with Defendant DISCOVER is inaccurate or otherwise misleading and contradicts the resolution of the Account obtained by Plaintiff via settlement.

22. After Defendant DISCOVER was notified by Defendant EXPERIAN and Defendant TRANSUNION that Plaintiff disputed information regarding the Account was being reported inaccurately, Defendant DISCOVER negligently or willingly failed to conduct a genuine investigation into Plaintiff's dispute(s), review all relevant information provided to it, and report the results to the CRAs to which it provided said information.

23. If Defendant DISCOVER would have complied with its statutory duties, the incorrect Account information would not be reporting.

24. Further, upon being notified by Plaintiff of inaccurate information, Defendant EXPERIAN and Defendant TRANSUNION, pursuant to 15 U.S.C. § 1681e(b), were required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) they published and maintained concerning Plaintiff.

25. If Defendant EXPERIAN and Defendant TRANSUNION would have complied with their statutory duties, incorrect information concerning the Account would not have been reported by each of them despite notice from Plaintiff.

26. As a result of the negligent and/or willful conduct and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## FIRST CAUSE OF ACTION

### DEFENDANT DISCOVER VIOLATED THE FCRA *15 U.S.C. § 1681s-2(b)*

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. Defendant DISCOVER's violations of the FCRA include, but are not limited to, the following:

  a. Defendant violated *§1681s-2(b)(1)(A)* of the FCRA by failing to conduct an investigation with respect to the information disputed by Plaintiff;

  b. Defendant violated *§1681s-2(b)(1)(B)* of the FCRA by failing to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i; and

  c. Defendant violated *§1681s-2(b)(1)(C)* and *(D)* of the FCRA by failing to report the results of the investigation to the CRAs, since the information is incomplete and/or inaccurate.

## SECOND CAUSE OF ACTION

## DEFENDANT EXPERIAN AND DEFENDANT TRANSUNION

## VIOLATED THE FCRA *15 U.S.C. § 1681e(b)*

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

30. Defendant EXPERIAN's and Defendant TRANSUNION's violations include, but are not limited to, the following:

  a. Defendants violated *§1681e(b)* of the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintain concerning Plaintiff.

  b. Defendants violated *§1681i(a)(5)* of the FCRA by failing to delete inaccurate, incomplete or unverifiable information

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for the following:

FIRST CAUSE OF ACTION – Defendant DISCOVER

31. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

32. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

33. Actual Damages pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. § 1681o(a)(1);

34. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

35. Awarding such other and further relief as may be just, proper, and equitable.

SECOND CAUSE OF ACTION – Defendant EXPERIAN and Defendant TRANSUNION

36. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

37. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

38. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and/or 15 U.S.C. § 1681o(a)(1);

39. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

40. Awarding such other and further relief as may be just, proper, and equitable.

## JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 15, 2020

/s/ Adam T. Hill
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92590
Tel: (657) 236-3225
Fax: (602) 857-8207
Email: AdamH@jlohman.com

*Attorney for Plaintiff, Billy Adams*